BOU, PLAINTIFF AND APPELLANT, *v.* COLORADO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Recovery of Rent.

No. 1429.—Decided June 20, 1916.

RENT—SOLIDARY SURETY—EXTINGUISHMENT OF DEBT—NOVATION.—The obligation of a debtor to pay to the creditor instalments of rent secured by solidary surety witnessed by a public instrument is not extinguished by the substitution of the said debtor in an instrument to which the creditor was not a party. Said instrument alone can in no sense novate by substitution the obligation contracted by the debtor in favor of the creditor with solidary surety.

ID.—NOTICE—CONSENT—SUBSTITUTION.—The fact that in this case a letter addressed by the lessee firm to the lessor informing him of the dissolution of the partnership and the organization of a new firm which would continue the contract under the same conditions until its expiration was not answered, does not constitute the consent which the law requires on the part of the said lessor in order that the original partnership may be substituted by the new one.

ID.—SOLIDARY SURETY.—When the obligation has not been extinguished by the substitution of a new debtor with the consent of the creditor, the solidary surety of the original debtor continues in force.

The facts are stated in the opinion.

*Mr. José G. Torres* for the appellant.

*Mr. Antonio Trujillo Güil* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiff, Rafael Acisclo Bou, from a judgment of the District Court of San Juan, Section 1, of May 10, 1915, dismissing his action with costs.

The complaint prayed for judgment against the defendant as surety *in solidum* for Ramón Bosch and Luis Ferreras, lessees of the Monte Carlo Theater owned by the plaintiff, for the sum of $465 the amount of the rent due for the months of November and December, 1914, and January, 1915.

The pleadings of the plaintiff and defendant, together with the evidence admitted at the trial, show the following:

*First.* By public deed No. 41, executed before Notary José G. Torres in San Juan on May 27, 1912, Rafael Acisclo Bou leased to Ramón Bosch and Luis Ferreras a lot of land of 800 square meters situated in the ward of Puerta de Tierra together with a building thereon called "Monte Carlo Cine," a Pathé cinematograph, an operating room for the same, a stage for variety shows, a box-office, a screen and frame for the pictures, decorations, furniture and other fixtures, detailed in the said deed. The said lease was made for a term of three years, or until June 1, 1915, at a monthly rental of $155, payable in advance, and Rafael Colorado was a party to the contract as surety *in solidum* for Bosch and Ferreras to secure the payment to Bou of the monthly rental when due and the fulfilment of the other conditions stipulated therein.

*Second.* By another instrument (No. 6), executed before Notary Eduardo Acuña on January 31, 1913, in which Ramón Bosch and Luis Ferreras set out that by deed No. 34, executed before the same notary, Eduardo Acuña, on June 12, 1912, they formed a special limited partnership under the firm name of Ferreras & Bosch for a term of five years for the purpose of exhibiting moving-picture and variety shows in the Monte Carlo Theater, Ferreras assigned to Rafael Terrats and Rafael Colorado all his rights and interests in the firm of Ferreras & Bosch for the sum of $450, which assignor Ferreras acknowledged to have received from the assignees, Terrats and Colorado, who, together with Ramón Bosch, created by the same deed a partnership under the firm name of Bosch & Company, also for the exhibition of moving-picture and other public shows in the said Monte Carlo Theater, the duration of the said partnership being for five years.

*Third.* In a third instrument executed before Notary Damián Monserrat y Simó on January 21, 1914, María Badía, for herself and in the name of her minor daughter Antonia

Manuela Bosch y Badía, they being the heirs of Ramón Bosch who died on March 11, 1913, together with Rafael Terrats and Rafael Colorado declared the partnership of Bosch & Company, created by the instrument of January 31, 1913, to be totally extinguished and assigned all their rights and interests in the dissolved partnership to Oscar Rocafort for the sum of $400, which the assignors acknowledged to have received from the assignee.

As shown by the deed of May 27, 1912, Rafael Colorado bound himself as surety *in solidum* for the payment of the rent by Bosch & Ferreras, the lessees of the Monte Carlo Theater, to the lessor, Rafael A. Bou. It does not appear, nor was any attempt made to prove, that the instalments of rent which the plaintiff claims from surety Colorado have been paid to him. Payment has not been pleaded in defense.

The only question of law to be considered in this appeal is whether the obligation assumed by Rafael Colorado in favor of Rafael Acisclo Bou as surety *in solidum* for the payment to him of the rent of the Monte Carlo Theater by the lessees, Ferreras & Bosch, was extinguished by novation by virtue of the substitution of other persons for the debtors, Ferreras & Bosch, by the instruments of January 31, 1913, and January 21, 1914, as contended by Colorado, or whether such novation did not take place, as maintained by Bou.

Section 1748 of the Civil Code provides that the obligation of the surety shall expire at the same time as that of the debtor, and for the same causes as all other obligations. Section 1124 prescribes that obligations are extinguished by novation, etc. Section 1171 establishes that, among other causes, novation may take place by substituting the person of the debtor; and section 1173 provides that novation, consisting in the substitution of a debtor in the place of the original one, may be made without the knowledge of the latter, but not without the consent of the creditor. Applying the foregoing provisions of law to the question under consideration, we reach the conclusion that the obligation of

Ramón Bosch and Luis Ferreras to pay to Rafael Acisclo Bou the rent of the Monte Carlo Theater agreed upon in the public instrument of May 27, 1912, was not extinguished by the substitution of other debtors by virtue of the instruments of June 12, 1912, and January 31, 1913, creating the partnerships of Ferreras & Bosch and Bosch & Company for the management of the Monte Carlo Theater, or the other instrument of January 21, 1914, whereby the latter firm assigned to Oscar Rocafort all its rights and interests therein. Rafael Acisclo Bou was not a party to any of these instruments and they alone cannot in any way novate the obligation which Ferreras & Bosch were under to Bou with Rafael Colorado as surety *in solidum,* by the substitution of other debtors for them. Bou did not consent to the substitution of debtors.

There was introduced in evidence at the trial a letter from Ferreras & Bosch to Rafael Acisclo Bou informing him of the dissolution of the partnership under that name and of the formation of the new partnership of Bosch & Company. The said letter reads as follows:

"SAN JUAN, January 21, 1913.

"MR. RAFAEL A. BOU,
        City.

"DEAR SIR: We have the pleasure to inform you that by mutual consent we have this day dissolved the partnership organized under the firm name of Ferreras & Bosch, for the purpose of operating the Monte Carlo Theater. We may say for your reassurance that the said dissolution in nowise affects the terms of your contract, for the new partnership of Bosch & Company, of which Rafael Colorado, Rafael Terrats and Ramón Bosch y Alio are general partners, agrees to continue under the same conditions until its expiration.

"Wishing you success in all your business affairs and trusting that our successors will comply with their obligations as we have done, we remain,

Very truly yours,

FERRERAS & BOSCH."

Bou did not answer this letter, but his failure to answer does not imply that he gave such consent as is required of him by law for the substitution of the firm of Bosch & Company for the original debtors, Bosch & Ferreras, and if there were such consent, it would be on the basis stated in the letter that the firm of Bosch & Company should continue the contract under the same conditions under which Ferreras & Bosch were operating the Monte Carlo Theater, Colorado continuing, therefore, as surety *in solidum* for the payment of the rent.

There is evidence, consisting of the testimony of plaintiff Bou, of his agent, Juan Marchand Sicardó, and of Juan Rocafort, the father of Oscar Rocafort, who managed the theater in the absence of the latter, tending to show that during the time Oscar Rocafort operated the theater the rent was paid to Bou for account of Ferreras & Bosch.

But that is not all. After Bosch & Company, by the deed of January 21, 1914, had transferred their rights and interests in the Monte Carlo Theater to Oscar Rocafort, the present defendant, Rafael Colorado, wrote Rocafort a letter in which, among other things, he said the following:

"San Juan, P. R., March 27, 1914.
"Mr. Oscar Rocafort,
　　　　Puerta de Tierra. .

"Dear Oscar: I have sent for you two or three times but you did not respond. I am informed that you are behind in your payments of rent for the theater and I desire to call your attention to the necessity of keeping them up to date　＊　＊　＊.
　　　　　　　"Yours truly,

　　　　　　　　　　　"R. Colorado."

This letter shows that Colorado was interested in the prompt payment by Rocafort of the rent of the theater, and such interest could have had no other object than to avoid the liability which failure to make payment would bring upon him by reason of the guaranty *in solidum* which he had contracted in the instrument of May 27, 1912.

It follows, then, that the obligation of Bosch & Ferreras has not been extinguished by the substitution of a new debtor with the consent of creditor Bou, and consequently the guaranty *in solidum* given by Colorado in behalf of the said debtors has not been extinguished.

We should add that Ferreras & Bosch, the lessees of the Monte Carlo Theater, had a right as such lessees to assign their interests to Bosch & Company, as they did, and the latter firm had a right to assign to Rocafort, but such assignments could not affect the rights of Bou in relation to the original lessees and the surety *in solidum;* for to do so Bou would have had not only to accept the assignment of the lease but also to waive the rights and benefits accruing to him under the original lease, which has not been done in the present case.

The foregoing doctrine has already been laid down by this court in the case of *Becerril et al.* v. *Post et al.,* 22 P. R. R. 681.

For the reasons stated, the judgment appealed from is reversed and another rendered sustaining the complaint without special imposition of costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.